IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3038-FL

| | | |
|---|---|---|
| FRANKLIN BOWDEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM B. WHEELER, KRISTOPHER BRADLEY, TYRODE BROUNSON, MARKEE FARMER, RICHARD HOWELL, LARRY COLEY, JAMES CANDELARIO, and MARKEEYN ROBINSON, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to compel (DE 56). Defendants responded in opposition and in this posture the issues raised are ripe for ruling.

## BACKGROUND

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on February 1, 2021, alleging claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants used excessive force by spraying him with pepper spray and physically assaulting him during an altercation in his cell. Defendants[1] are corrections officers with the North Carolina Department of Public Safety. As relevant here, the court appointed North

---

[1] Defendants Markee Farmer and Markeeyn Robinson have not appeared in this action since its inception. The court's references herein to "defendants" applies only to the remaining defendants who are actively defending against plaintiff's claims. As explained in prior orders, the court will address defendants Farmer and Robinson's alleged default following resolution of the claims against the remaining defendants.

Carolina Prisoner Legal Services, Inc. ("NCPLS") to conduct discovery on behalf of plaintiff pursuant to Standing Order 21-SO-11. NCPLS assisted plaintiff with discovery and following the conclusion of the discovery period filed notice indicating that it would not provide further representation to plaintiff in this action. During the discovery phase, NCPLS did not file a motion to compel or otherwise alert the court that it considered defendants' discovery responses deficient.

Nevertheless, when plaintiff received the discovery from NCPLS, he identified several purported deficiencies in their production/responses, particularly with respect to the video evidence of the alleged assault. On August 29, 2022, plaintiff filed the instant motion to compel, arguing that defendants' responses were untimely and that they did not provide complete responses to the requests. With respect to the video evidence, plaintiff argues that defendants did not produce the video recording of the assault. In support, plaintiff relies on the discovery requests and defendants' responses thereto, his personal declaration, photographs produced in discovery, and a news article. Plaintiff also filed a memorandum in support of the motion several weeks after filing the motion to compel, also supported by defendants' responses to his discovery requests. The memorandum also includes incorporated motion for discovery sanctions.

After the court entered two orders directing a response to the motion to compel, defendants filed their response in opposition. Defendants argue they complied with all discovery obligations, and that their responses were timely pursuant to agreements made with NCPLS. In support, defendants rely on their responses to the discovery requests and copy of the video produced to plaintiff's counsel.

## COURT'S DISCUSSION

Federal Rule of Civil Procedure 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). When addressing a motion to compel discovery, the trial court holds broad discretion. See LaRouche v. Nat'l Broadcasting Co., Inc., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion."). A motion to compel under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without a court order." Fed. R. Civ. P. 37(a)(1); see also Local Civil Rule 7.1(c). Pro se, incarcerated parties are not exempt from Rule 37's requirement that the moving party certify that he "conferred or attempted to confer" with the opposing party prior to filing the motion. See Fed. R. Civ. P. 37(a)(1); see also Jones v. Broadwell, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. May 8, 2013).

Here, defendants correctly argue that plaintiff has failed to include any certification that he conferred or attempted to confer with defendants prior to filing the motion to compel. (See DE 56, 62). Accordingly, the motion to compel is denied.

To the extent plaintiff is seeking discovery sanctions pursuant to Federal Rule of Civil Procedure 26(g), he has failed to establish that defendants' objections or responses violate this provision. In relevant part, Rule 26(g) provides the court must impose sanctions against an

3

attorney who signs discovery responses or objections that are inconsistent with the pertinent civil rules governing the responses and objections. See Fed. R. Civ. P. 26(g)(1)(B), (g)(3). Here, although plaintiff provides a detailed recitation of the legal principles governing Rule 26(g) sanctions, he has not identified the specific discovery responses or objections that violate the federal rules. (See Pl.'s Mem. (DE 62 at 3–7).[2] Plaintiff generally references his request for personnel files or disciplinary records, but defendants provided sworn interrogatory responses indicating they have not been subject to any disciplinary actions related to excessive use of force. (DE 64-1 at 7–8). And the court agrees with defendants that requests for personnel files are overly burdensome and not proportional to the needs of the case.

Plaintiff's primary request for sanctions is related to the video evidence produced by defendants. Plaintiff repeatedly alleges that defendants edited the video produced or refused to produce other relevant video evidence showing the assault on plaintiff. The court construes the motion in this part as seeking sanctions for spoliation of evidence.

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). "The imposition of a sanction (e.g., an adverse inference) for spoliation of evidence is an inherent power of federal courts— though one limited to that action necessary to redress conduct which abuses the judicial process." Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 449 (4th Cir. 2004).

However, a sanction for spoliation "cannot be drawn merely from [a party's] negligent loss

---

[2] To the extent plaintiff is seeking discovery sanctions related to his untimely discovery requests filed after the close of discovery, the court previously ruled that defendants are not required to respond to these requests. (See DE 62 at 3).

or destruction of evidence." Id. at 450. "[T]he conduct must be intentional," and "the alleged destroyer must have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or destruction." Turner v. United States, 736 F.3d 274, 282 (4th Cir. 2013).

Plaintiff fails to offer any evidence suggesting defendants intentionally destroyed evidence when the instant litigation was pending or reasonably anticipated. The fact that other prison officials in cases years ago attempted to destroy evidence does not furnish the necessary evidence that defendants here intentionally destroyed evidence. The court therefore declines to issue sanctions for spoliation.

However, the court shares plaintiff's frustration about the video produced in this case. Defendants' interrogatory responses state that plaintiff "was housed in a self-injury precautions cell on active camera monitoring at the time of this incident" and "video recording of the incident in question should have been provided for the incident report." (DE 64-1 at 14). But the brief video produced to the court in connection with the motion to compel, (DE 64-3),[3] does not show any portion of the use of force incident.

In order to clarify the record and ensure all evidence is available prior to the forthcoming dispositive motions, the court will direct defendants to confirm that the video produced to the court is the only available video recording of the incident alleged in the complaint. If additional video evidence is available, defendants must produce same to plaintiff.

---

[3] The video recording was filed manually with the clerk of court.

5

## CONCLUSION

Based on the foregoing, plaintiff's motion to compel (DE 56) is DENIED. Defendants are DIRECTED to file response to this order within **14 days** addressing whether the video produced with the motion to compel is the only available video evidence for the incident alleged in the complaint. If additional video evidence is found in response to this order, same shall be made available for plaintiff to view within **30 days** of entry of this order. The court will enter order setting deadline for dispositive motions following defendants' response to this order.

SO ORDERED, this the 19th day of January, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge